# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| vs. | : | |
| | : | **NO. 08-77** |
| **RODNEY LAW** | : | |

**DuBOIS, J.**                                                                                                                   **May 11, 2012**

<u>**M E M O R A N D U M**</u>

## I.   INTRODUCTION

Defendant Rodney Law is serving a 130-month sentence in federal custody for his conviction of possession of cocaine base ("crack") with intent to distribute. Presently before the Court is defendant's <u>pro se</u> Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The motion presents one claim of ineffective assistance of counsel at sentencing. Specifically, defendant alleges that his attorney failed to request that the Court run defendant's federal sentence concurrently with his then-undischarged state sentence or grant a downward departure to account for time defendant had already served on the state sentence. For the reasons that follow, the Court denies the motion.

## II.   BACKGROUND

The background of this case is set forth in detail in prior opinions of this Court and the Third Circuit. See <u>United States v. Law</u>, 384 F. App'x 121 (3d Cir. 2010); <u>United States v. Law</u>, No. 08-77, 2008 WL 1776422 (E.D. Pa. Apr. 17, 2008); <u>United States v. Law</u>, 526 F. Supp. 2d 513 (E.D. Pa. 2007); <u>United States v. Law</u>, No. 05-78, 2005 WL 3464449 (E.D. Pa. Dec. 16, 2005). The background will be repeated in this Memorandum only as necessary to explain the Court's ruling on the instant motion.

A. Federal Proceedings

A federal grand jury returned an Indictment on February 7, 2008, charging defendant with possession of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count One"); possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Two"); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three"); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Four").[1] Defendant proceeded to trial, and on April 23, 2008, the jury returned a guilty verdict on Counts One and Two. The jury acquitted him of Count Three, and the Court acquitted him of Count Four.

Defendant was sentenced on August 28, 2008. The Presentence Investigation Report ("PSR") stated that defendant had a total offense level of thirty-six and a Criminal History Category of VI, with a resulting guideline sentencing range of 324 to 405 months.[2] This calculation was premised on a base offense level of twenty-eight for the crimes of conviction, a two-level enhancement for possession of a dangerous weapon, a six-level enhancement for

---

[1]Defendant was first indicted on those charges on February 10, 2005. Law, 526 F. Supp. 2d at 515. On March 10, 2006, the Court granted the government's motion to dismiss that Indictment without prejudice based on the unavailability of an essential witness. Id. Defendant was indicted for a second time on August 1, 2007. Id. The Court dismissed the second Indictment without prejudice on December 13, 2007, based on a violation of defendant's rights under the Speedy Trial Act. Id. at 523. The February 7, 2008, Indictment was thus the third filed against Law on these charges.

[2]Defendant was sentenced on August 28, 2008. The edition of the United States Sentencing Guidelines incorporating amendments effective May 1, 2008, thus applies to his case.

defendant's assault on a police officer during his arrest,[3] and a determination that defendant was a career offender.

At the sentencing hearing, the Court rejected several of the sentencing recommendations made in the PSR, shortening defendant's sentence substantially. First, the Court determined that there was insufficient evidence to support the proposed two-level enhancement for possession of a dangerous weapon. (See 8/28/08 Hr'g Tr. 13.) Second, the Court rejected the proposed six-level enhancement for assaulting a police officer. (Id. at 19.) The Court reasoned that, although there was evidence that defendant had pushed or otherwise touched one of the officers involved in his arrest, "the drafters of the guidelines had in mind a more significant assault" when they formulated the enhancement. (Id.) In lieu of applying that enhancement, the Court stated that it would "take [defendant's] conduct into consideration in determining where within the guideline range" to sentence him. (Id.) Third, the Court decreased the base offense level from twenty-eight to twenty-six to account for the retroactive crack cocaine amendment. (Id. at 20-21.) Finally, the Court rejected the government's argument that defendant was a career offender. (Id. at 24-25.)

As a result of all these rulings, the Court determined that defendant's total offense level was twenty-six. In Criminal History Category V, that resulted in a guideline range of 110 to 137 months—approximately one-third the range recommended in the PSR and advocated by the government. The Court sentenced defendant to 130 months' imprisonment, four years'

---

[3]The parties disputed the severity of this conduct at sentencing. The government asserted that defendant "hit" the officer, (see, e.g., 8/28/08 Hr'g Tr. 16), while defense counsel argued that it "was nothing," (id. at 18). The Court concluded that, under either party's account, defendant had committed an assault—"an unlawful touching"—on an officer during his arrest. (Id. at 44.)

supervised release, and a $1000 fine. The Court informed defendant that, had he not assaulted an officer, he would have received a sentence of 110 months, at the bottom of the guideline range. (Id. at 44.) Continuing, the Court stated, "I'm going to increase the sentence to 130 months from 110 to 130. I'm not going to sentence you at the very high end of the guidelines but you're going to spend 20 additional months, 110 to 130, in custody because of what you did to the police officer. You just can't do that." (Id. at 44-45.)

At the end of the sentencing proceeding, defense counsel thanked the Court "on behalf of Mr. Law who . . . found [the Court] immensely fair." (Id. at 52.) Defense counsel stated that he had told defendant that "he got a tremendous break from where they wanted to come to 300 months to where he wound up, 130 months." (Id. at 52-53.) The Third Circuit affirmed the reasonableness of the sentence on appeal, rejecting defendant's argument that the sentence did not adequately account for the disparity in punishments for offenses involving cocaine and offenses involving crack. Law, 384 F. App'x at 124.

B. The State Sentence

At the time of his federal sentencing, defendant had already begun to serve a sentence on unrelated state charges. He was convicted on April 23, 2004, in the Court of Common Pleas of Philadelphia County of carrying firearms without a license and being a felon in possession of a firearm.[4] On March 22, 2006, he was sentenced to one-and-a-half to three years' imprisonment and five years' probation on those charges, and he began serving that sentence immediately. He was transferred, on a writ, from the Graterford State Correctional Institution to the Federal

---

[4]According to the PSR, those charges arose from a February 24, 2003, incident in which Law threatened his former girlfriend with a gun.

Detention Center in Philadelphia on April 21, 2008. When this Court sentenced defendant on the federal charges, a maximum of approximately seven months' imprisonment remained on his state sentence.

At defendant's federal sentencing proceeding, there was no mention of the undischarged state sentence. The PSR noted the state conviction and sentence but did not discuss how they might interact with the federal sentence. Defendant and the government now agree that defendant completed his state sentence on March 29, 2009, having served the maximum three-year term of imprisonment. (See Decl. of Rodney Law ¶ 9, Def.'s Reply Ex. A; Gov't Resp. 14 n.2.) Because "[m]ultiple terms of imprisonment imposed at different times run consecutively" unless ordered otherwise, 18 U.S.C. § 3584(a), defendant did not begin to serve his federal sentence until he completed the state sentence.

## III. LEGAL STANDARD

Defendant contends that he was denied his Sixth Amendment right to effective assistance of counsel. "Strickland v. Washington supplies the standard for addressing a claim of ineffective assistance of counsel." United States v. Smack, 347 F.3d 533, 537 (3d Cir. 2003). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

This standard requires a two-part inquiry. "First, the defendant must show that counsel's performance was deficient," that is, "that counsel's representation fell below an objective standard of reasonableness." Id. The measure for counsel's performance under this first prong is "whether counsel's assistance was reasonable considering all the circumstances," including

5

"prevailing professional norms." Id. "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." Id. at 687. The defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "In the sentencing context, prejudice exists where the deficient performance affected a defendant's sentence." United States v. Hankerson, 496 F.3d 303, 310-11 (3d Cir. 2007) (citing Glover v. United States, 531 U.S. 198, 203-04 (2001)).

## IV. DISCUSSION

Defendant argues that his attorney provided ineffective assistance of counsel at sentencing. According to defendant, had counsel raised the issue, the Court might have (1) permitted defendant to serve the remainder of his state sentence concurrently with his federal sentence or (2) granted him a downward departure to account for the time he had already served on the state sentence. (Def.'s Reply 3-4.) Defendant asserts that the Court might have been particularly inclined to grant such relief because the multiple indictments in this case allegedly caused him to "miss[] his opportunity for parole" on the state sentence. (Id.)

Defendant's claim is rejected. Turning first to the issue of prejudice, the Court finds that there was none. The Court would not have ordered concurrent state and federal sentences or a downward departure even if counsel had requested them.

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). "This statement reflects the fact that several convictions imposed after different trials are more likely to reflect unrelated behaviors, [and in that situation], consecutive sentences are more likely to be

6

appropriate." Setser v. United States, 132 S. Ct. 1463, 1476 (2012). Nonetheless, in a case like this one, the concurrent/consecutive decision is left to the discretion of the sentencing judge. A movant under § 2255 cannot satisfy Strickland's prejudice requirement unless he can demonstrate a reasonable probability that the sentencing judge would have exercised that discretion in his favor. See, e.g., United States v. Alvarez, 184 F. App'x 876, 881 (11th Cir. 2006) (holding that a movant failed to show prejudice where his "assertion that the sentencing judge might have imposed a sentence concurrent with his other . . . sentences [was] mere speculation"); Prewitt v. United States, 83 F.3d 812, 818-19 (7th Cir. 1996) (denying an ineffective-assistance claim where "only the possibility existed that [a defendant] would receive a concurrent sentence" if his counsel raised the issue); Welker v. United States, No. 06-48, 2009 WL 57139, at *4 (E.D. Mo. Jan. 9, 2009) ("Because such a decision is discretionary, there is only a possibility, not a reasonable probability, that a court would impose a concurrent rather than consecutive sentence if a motion under § 5G1.3(c) is properly raised.").

In determining whether to impose a sentence to run concurrently with or consecutively to a previously imposed, undischarged sentence, a judge's task is to "achieve a reasonable punishment for the instant offense." United States Sentencing Commission, Guidelines Manual § 5G1.3(c) (May 2008). Under 18 U.S.C. § 3584(b), this decision is governed by the general sentencing factors set forth in the Sentencing Reform Act, including "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need for the sentence imposed to provide adequate deterrence, to protect the public, to rehabilitate the defendant, and "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(1)–(2). The Application Notes to

7

the Sentencing Guidelines enumerate several additional factors courts should consider, including the type and length of the prior undischarged sentence, the time served on the prior undischarged sentence, and the time likely to be served before release. USSG § 5G1.3(c), comment (n.3(A)).

With respect to defendant's downward-departure argument, the Application Notes provide that "in an extraordinary case involving an undischarged term of imprisonment under [§ 5G1.3(c)], it may be appropriate for the court to downwardly depart" to account for "a period of imprisonment already served on the undischarged term of imprisonment." USSG § 5G1.3(c), comment (n.3(E)). The example given for application of such a rule demonstrates that a downward departure would have been inappropriate in this case. Application Note 3(E) states that a downward departure may be warranted, "for example, in a case in which the defendant has served a very substantial period of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense." Id. The undischarged term of imprisonment in this case did not result from conduct that was within the relevant conduct for the instant offense. It had no relation to the instant offense. Moreover, the sentence defendant received—130 months—was "a reasonable incremental punishment for the instant offense of conviction." Id.

Applying these standards to the present case, the Court would have denied any request by defense counsel for concurrent federal and state sentences or for a downward departure. Defendant's sentence unquestionably constituted "a reasonable punishment" for his conduct. First, defendant's federal and state offenses were unrelated, which, as noted above, generally implies that "consecutive sentences are more likely to be appropriate." Setser, 132 S. Ct. at 1476. Second, the Court treated defendant leniently. The Court sentenced defendant to 130 months' imprisonment when both the PSR and the government had recommended 324 to 405

8

months' imprisonment. Third, the Court carefully tailored the sentence in this case to defendant's characteristics and conduct. The Court considered facts relevant to all of the § 3553(a) factors, including the seriousness of defendant's crimes, (8/28/08 Hr'g Tr. 42), defendant's tendency to "minimize" the gravity of his offense conduct, (id. at 43), and defendant's extensive criminal history, (id.). The Court added twenty months to the sentence based on its finding that additional imprisonment was necessary to account for defendant's assault of a police officer. (Id. at 44-45.) Again, however, the twenty-month increase was far more lenient than the six-level enhancement in offense level recommended by the PSR and the government.

For all of these reasons, the Court would have denied a request by defense counsel for concurrent state and federal sentences or for a downward departure if such a request had been made at sentencing. Defense counsel's failure to raise the issue thus caused defendant no prejudice, and defendant's claim fails under Strickland.

## V.    CONCLUSION

Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied without an evidentiary hearing. An appropriate Order follows.